[Civ. No. 21901. Third Dist. Feb. 8, 1983.]

ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY,
Plaintiff and Appellant, v.
STOCKTON PORT DISTRICT, Defendant and Respondent.

112

COUNSEL

Thomas I. McKnew, Jr., and Benjamin B. Salvaty for Plaintiff and Appellant.

Dorr, Cooper & Hays, James R. Walsh and Sanford Kingsley for Defendant and Respondent.

OPINION

EVANS, Acting P. J.—Plaintiff appeals from an order of the superior court awarding attorney fees and expenses to defendant Stockton Port District (Port) pursuant to Code of Civil Procedure section 128.5. We reverse.

On June 26, 1981, plaintiff filed a complaint for damages to real and personal property alleging causes of action for, inter alia, inverse condemnation, negligence, and trespass arising out of the failure of a levee in San Joaquin County and the subsequent flooding of plaintiff's property. The commencement of the action was preceded by the timely filing of claims against each of the public entities named as defendants in the suit.[1] Plaintiff's claim against the Port was filed in December 1980, and rejected by defendant in January 1981. Commencement of the action in June 1981, was thus within the six-month statute of limitations period specified in Government Code section 945.6[2]

Although some of the other named defendants were served with summons and a copy of the complaint, plaintiff did not serve the Port. According to declarations filed by counsel for plaintiff, at the time of filing the action plaintiff was uncertain whether to proceed against the Port. Counsel declares the Port was sued as a precautionary measure due to the restrictive statute of limitations and the fact that discovery had not yet been conducted (against the other defendants) which might determine whether the Port was in some manner responsible for the failure of the levee. It was plaintiff's intent to conduct discovery against those defendants named and served and, if such discovery

---

[1]The public entities were: the Lower Jones Reclamation District No. 2038, the State of California, the County of San Joaquin, and the Port.

[2]Government Code section 945.6 provides in pertinent part: "(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: [¶] (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail."

revealed involvement on the part of the Port, plaintiff would then proceed with service on the Port.[3]

Plaintiff has requested that we take judicial notice of Galli v. Richards et al. (Super. Ct., Sacramento Co., No. 226061), a case which plaintiff claims involved the failure of a levee similar to the one in the case at bar, and in which the Port was named as a defendant. Plaintiff has not provided sufficient information to grant the motion; accordingly, the motion is denied. (See Evid. Code, § 453.)

In October 1981, without any further action by plaintiff, the Port voluntarily answered the complaint and served plaintiff with interrogatories and requests for admission. Plaintiff moved for a protective order, asserting a previous agreement between counsel for both sides provided no action would be taken against the Port prior to the time a basis for liability was discovered. The Port responded with a motion for summary judgment, and in the alternative, moved for an order compelling answers to its interrogatories and requests for admission. A hearing was held in January 1982, at which time the court denied both plaintiff's motion for a protective order and the Port's motion for summary judgment, but granted the Port's motion to compel answers to interrogatories and requests for admission. Plaintiff was provided 30 days to respond to the Port's discovery.

Plaintiff did not respond to the discovery, but instead on February 10, 1982, sent the Port a request for dismissal. On February 19, 1982, the request was filed and the Port was dismissed with prejudice.

Thereafter, both sides moved for an award of sanctions pursuant to Code of Civil Procedure section 128.5; plaintiff sought sanctions based on what it labeled as a frivolous motion on the part of the Port;[4] the Port's motion was based on its assertion that plaintiff's action against the Port was frivolous. Following hearing and argument, the trial court denied plaintiff's motion, but granted expenses and attorney fees to the Port on the basis that plaintiff's refusal to respond to the Port's discovery, together with the subsequent

[3]Plaintiff claims the Port was named as a defendant "in view of [the Port's] geographical proximity to the levee which failed in the Delta area, and in view of the broad statutory powers and responsibilities of [the Port], [see Harb. & Nav. Code, §§ 6290-6311], [plaintiff] had every reason to believe [the Port] had some causal involvement in the failure of the . . . Levee."

[4]Plaintiff asserted the Port's original memorandum of costs, made pursuant to Code of Civil Procedure section 1038, was frivolous in that this section permits recovery for defense costs incurred by a public entity only upon the *granting* of a motion for summary judgment in favor of the public entity, together with a finding that the action was not brought in good faith and with reasonable cause. In this case, the Port's motion for summary judgment was *denied*. The trial court denied plaintiff's motion for sanctions. Although plaintiff has appealed from the order denying its motion for sanctions, we find no basis for reversing the trial court's determination.

dismissal of the Port with prejudice, indicated plaintiff at no time had a meritorious action against the Port. Plaintiff appeals.

DISCUSSION

■ Our review of the record indicates the trial court's order ignores both the circumstances of the case and the law upon which the award was based. Accordingly, the award of sanctions cannot stand.

As a result of the failure of the levee, plaintiff suffered damage to its real and personal property. In order to assert an action against the Port (a public entity) for damages to personal property, plaintiff was required to file a claim within 100 days of the accrual of the cause of action. (Gov. Code, § 911.2.) Upon notice of rejection of its claim, plaintiff had six months from the date of notice within which to commence its action against the Port. (Gov. Code, § 945.6, subd. (a)(1).)[5]

In light of the stringent statutory requirements, plaintiff acted reasonably. As a precautionary measure, plaintiff filed a timely complaint naming the Port as a defendant, thus avoiding the bar of the statute of limitations. Plaintiff did not serve the Port, however, and informed the Port soon after the complaint was filed that no further action would be taken against the Port unless discovery against those defendants who were named and served indicated the Port was responsible for the failure of the levee. Plaintiff thus sought to protect its own interests while trying to ensure the Port would not have to answer, appear, or otherwise be put to any effort or expense in regard to the action. For whatever reason, the Port voluntarily tendered its answer and sought discovery from plaintiff, resulting in numerous hearings and the incurring of costs and attorney fees.

The Port contends it was unnecessary for it to have been named as a defendant in the action. It claims plaintiff could simply have alleged a cause of action against a Doe defendant, and if discovery indicated the Port was responsible for the levee break, plaintiff could have at that time substituted the Port for the Doe defendant. This assertion is meritless. ■ As the law presently stands, an action against a public entity *must* be commenced within six months after notice of rejection of the claim, unless the six-month period is tolled. (*Chase* v. *State of California* (1977) 67 Cal.App.3d 808, 812 [136 Cal.Rptr. 833] (hereafter *Chase*); see *Addison* v. *State of California* (1978) 21 Cal.3d 313, 316 [146 Cal.Rptr. 224, 578 P.2d 941].) If the statute of limitations is not tolled, a plain-

---

[5]See footnote 2, *supra.*

tiff may *not* substitute a governmental entity for a named Doe after the six-month period has elapsed. (*Chase, supra,* 67 Cal.App.3d at pp. 812-813.) Moreover, while a showing of surprise, mistake, or excusable neglect may be made to relieve one of the failure to file a timely claim against a governmental entity, such facts may not be used to extend the six-month statutory period. (*Chase, supra,* 67 Cal.App.3d at p. 812.)

Notwithstanding the limited statute of limitations with which plaintiff was faced, the trial court imposed sanctions on plaintiff pursuant to Code of Civil Procedure section 128.5. This section provides: "(a) Every trial court shall have the power to order a party or the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith."

Here, the trial court imposed sanctions because it found plaintiff did not have a meritorious cause of action against the Port, as shown by plaintiff's dismissal of the Port without responding to the Port's discovery, and by declarations of plaintiff's counsel that he was uncertain at the time the complaint was filed whether or not the action would be prosecuted against the Port. For numerous reasons, the trial court's order must be reversed.

■ First, whether a party has a "meritorious cause of action" is not a proper basis for imposing sanctions pursuant to section 128.5. The fact that an action is determined to be "without merit" does not, a fortiori, place it in the category of frivolous. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) Obviously, where an action is initiated for an improper motive, or a party knows or should know the facts or law or both preclude the action or any recovery, yet prosecutes the action in any event, the question of a frivolous action is raised. (*Ibid.*) Here there has been no such showing, and it is obvious none could be made.

Moreover, the trial court's order places those plaintiffs who seek to bring an action against a public entity in a precarious position. If the trial court's order is allowed to stand, the alternative for one who seeks to bring suit against a public entity is, upon notice of rejection of a claim, to investigate (within six months) *without the benefit of discovery* in order to determine whether a "meritorious action" may be prosecuted against the public entity; if so, the party may at that time initiate suit without fearing the imposition of sanctions should the action be unsuccessful. There is no sound reason for such policy.

 There is no question but that the Legislature, through section 128.5, intended to broaden the power of trial courts to award monetary sanctions for "tactics or actions not based on good faith which are frivolous or which cause unnecessary delay." (See Stats. 1981, ch. 762, § 1; No. 6 West's Cal. Legis. Service, p. 2640; No. 5 Deering's Adv. Legis. Service, p. 878.) The Legislature did not intend, however, to chill the valid assertion of a litigant's rights against a public entity or any other defendant. For this reason, it is clear sanctions should not be imposed except in the clearest of cases. (See *In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 650.) This is not such a case.

Here, the trial court's order ignored the unique circumstances facing plaintiff, and the fact that plaintiff took only that action to avoid the bar of limitations while at the same time taking no steps which would require the Port to incur any expense. The award of sanctions under the facts of this case constitutes a manifest abuse of discretion. (Cf. *In re Marriage of Lemen* (1980) 113 Cal.App.3d 769, 786 [170 Cal.Rptr. 642].)

The order is reversed.[6]

Blease, J., and Sparks, J., concurred.

---

[6]For reasons obvious in the text, the Port's motion for attorney fees on appeal is denied.