[No. B007558. Second Dist., Div. Three. Oct. 29, 1985.]

LOUIS LESSER, Plaintiff and Appellant, v.
HUNTINGTON HARBOR CORPORATION et al.,
Defendants and Respondents.

## COUNSEL

David Bernard Rabinek for Plaintiff and Appellant.

Hill, Wynne, Troop & Meisinger, Steven M. Dixon, Neil R. O'Hanlon and Marc J. Graboff for Defendants and Respondents.

## OPINION

**KLEIN, P. J.**—Plaintiff and appellant Louis Lesser (Lesser) appeals from an order awarding defendants and respondents Huntington Harbor Corporation and the Christiana Companies (collectively respondents) attorney's fees and costs of $59,148.10 incurred in defense of a fraud action.

Because Lesser was not afforded adequate notice and opportunity to be heard, the judgment is reversed and remanded for a new hearing.

### PROCEDURAL AND FACTUAL BACKGROUND

The trial court awarded attorney's fees and costs under the authority of Code of Civil Procedure section 128.5 (section 128.5) to respondents after they prevailed in a suit brought by Lesser.[1]

Lesser initiated the lawsuit in the summer of 1977, alleging a breach of fiduciary duty, fraud, and interference with prospective economic advantage. A second amended complaint was filed in March 1978.

---

[1]Section 128.5 states: "(a) Every trial court shall have the power to order a party or the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith. . . . [¶] (b) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

In June 1978, Lesser filed a lis pendens against the subject matter of the action, the Huntington Harbor Beach Club. In August 1978, the lis pendens was expunged with Huntington Harbor required to post a bond of $100,000.

Lesser sought relief by writs of mandate on certain issues before the appellate court and the California Supreme Court. Interrogatories were taken by both parties, as well as four sets of depositions.

After the five-year statute was waived, the case proceeded to trial on May 16, 1983. The respondents submitted a trial brief which asked for an award under section 128.5.

Lesser presented his case in one and one-half days and at the conclusion, the respondents moved for a nonsuit. After hearing argument, the trial court granted the motion, finding the evidence was unbelievable and did not substantiate Lesser's claims.

The trial court concluded by stating the case was a proper one for an award of attorney's fees and costs and thereby sanctions under section 128.5 and it would hold a hearing the next morning to determine the amounts thereof.

Shortly after the outset of the hearing, Lesser's counsel moved for a continuance so as to afford Lesser an opportunity to employ new counsel, which was denied.

After hearing testimony by respondents' counsel concerning the expenses of defending the suit during the six years, and from Lesser about the propriety of the award, the trial court awarded Huntington Harbor $59,148.10 in attorney's fees and costs incurred in the action.

## CONTENTIONS

Lesser contends the trial court erred in making an award pursuant to section 128.5 because: (1) he did not receive adequate notice; (2) he was denied an adequate opportunity to be heard; (3) his lawsuit was not frivolous or in bad faith; and (4) the order was insufficient in detail as to the conduct or circumstances justifying the award.

Neither party contests the propriety of that trial court's application of section 128.5 to the entire lawsuit.

DISCUSSION

1. *Section 128.5 expenses are appropriate when the trial court finds the entire lawsuit to be frivolous.*

Section 128.5 was passed in direct response to the Supreme Court ruling in *Bauguess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942]. In *Bauguess,* after plaintiff's attorney's conduct caused a mistrial, the attorney was ordered by the trial court to pay $700 to defendant's counsel. The Supreme Court reversed, holding the award of such attorney's fees was not within the equitable or supervisory power of the trial court, and *was not authorized by any statute. (Id.,* at pp. 635-639.) The *Bauguess* decision was based in large part on the possibility of "serious due process problems" if monetary sanctions were imposed "without appropriate safeguards and guidelines." (*Id.,* at pp. 638-639.)

To remedy this lack of statutory authority, the California Legislature passed section 128.5 in 1981. The Legislature stated: " '[i]t is the intent of this legislation to broaden the powers of the trial courts to manage their calendars and provide for the expeditious processing of civil actions by authorizing monetary sanctions now not presently authorized by the interpretation of the law in *Bauguess* v. *Paine* (1978) 22 Cal.3d 626.' " (*Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 648 [192 Cal.Rptr. 57] citing Stats. 1981, ch. 762, § 2.)

An order to pay reasonable expenses, including attorney's fees and costs, pursuant to section 128.5 is in effect an award of sanctions.

██ Section 128.5 does not specifically mention frivolous *lawsuits,* but the Supreme Court has recognized that section 128.5 sanctions might serve to take the place of a malicious prosecution suit. In *City of Long Beach* v. *Bozek* (1982) 31 Cal.3d 527, 530 [183 Cal.Rptr. 86, 645 P.2d 137], [certiorari granted, vacated and remanded 459 U.S. 1095 [74 L.Ed.2d 943, 103 S.Ct. 712], reaffirmed and reissued (1983) 33 Cal.3d 727 (190 Cal.Rptr. 918, 661 P.2d 1072)], when the city brought a malicious prosecution complaint against Bozek who had unsuccessfully sued the city, the trial court sustained Bozek's general demurrer without leave to amend on the ground municipalities should not be permitted to sue for malicious prosecution. The city appealed. The Supreme Court affirmed, holding that maintenance of malicious prosecution actions by government entities would generate a potentially chilling effect on the exercise of the right to petition the government through the courts for redress of grievances. (*Id.,* at pp. 532-536.) ██ Although the city waived punitive damages in this action and the court, therefore, did not decide whether such damages would be available to cities

(*id.*, at pp. 531-532, fn. 3), an award in a malicious prosecution suit may include punitive damages. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 898, p. 3185; *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 65-67 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

 The *City of Long Beach* court also reasoned the city had several other remedies available to it, including an award of expenses in the initial suit under section 128.5. It explicitly recognized that section 128.5's purpose was to discourage "frivolous litigation" and in some instances it (*City of Long Beach* v. *Bozek, supra*, 31 Cal.3d at p. 537) "is a clearly preferable remedy to an independent action for malicious prosecution with its costs in terms of additional attorney's fees and imposition upon judicial resources." (*Id.*, at p. 538.)

*Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist.* (1983) 140 Cal.App.3d 111 [189 Cal.Rptr. 208], further supports the propriety of section 128.5 expenses for frivolous actions. There, the trial court made an award to defendant under section 128.5 following plaintiff's dismissal with prejudice. The plaintiff sought an award based on an alleged frivolous motion by the Port, while the Port asserted plaintiff's entire action was frivolous. The trial court found plaintiff's action was without merit. (*Id.*, at pp. 114-115.)

 The *Atchison* court reversed holding, inter alia: "[W]hether a party has a 'meritorious cause of action' is not a proper basis for imposing sanctions pursuant to section 128.5. The fact that an action is determined to be 'without merit' does not, a fortiori, place it in the category of frivolous. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) Obviously, where an action is initiated for an improper motive, or a party knows or should know the facts or law or both preclude the action or any recovery, yet prosecutes the action in any event, the *question of a frivolous action is raised.* (*Ibid.*)" (*Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist., supra*, 140 Cal.App.3d at p. 116, italics added.)

Most recently, a trial court granted defendants' motions for summary judgment and awarded certain of the defendants attorneys' fees under section 128.5. (*Pyne* v. *Meese* (1985) 172 Cal.App.3d 392, 405 [218 Cal.Rptr. 87].) The *Pyne* court affirmed the award, holding the defendants' inclusion in a 42 United States Code section 1983 action to be " 'so clearly contrary to the established law in this matter it can only be characterized as frivolous and in bad faith.' " (*Ibid.*)[2]

---

[2]Similarly supporting section 128.5's applicability to a frivolous lawsuit is the writ proceeding in *California Casualty Gen. Ins. Co.* v. *Superior Court* (1985) *ante*, page 274

■ Nothing in section 128.5's language limits the section's application only to tactics or motions. In fact, the section specifically states frivolous actions are not limited to making or opposing motions without good faith. A reasonable interpretation is that the section also applies to *entire actions* not based on good faith which are frivolous or cause unnecessary delay in the resolution of a dispute.[3]

2. *Notice required before imposing expenses is dependent upon the circumstances.*

■ Lesser contends neither respondents nor the trial court gave adequate notice before the imposition of expenses.

■ Adequate notice is mandated not only by statute, but also by the due process clauses of both the federal (U.S. Const., 14th Amend.), and state (Cal. Const., art. I, § 7) Constitutions. (*O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 961 [196 Cal.Rptr. 409].)

---

[218 Cal.Rptr. 817]. There, the insured filed a lawsuit against her insurance company for bad faith failure to pay an uninsured motorist claim. The insurance company's answer included a general denial and three affirmative defenses. The third affirmative defense read: " 'The plaintiff's action was not brought in good faith and is frivolous, and by reason of the premises defendants are entitled to, and will seek, reasonable expenses, including attorney's fees, in defending the action, pursuant to Code of Civil Procedure Section 128.5.' " (*Ibid.*)

Thereafter, the insurance company filed a motion to amend its answer to allege a fourth affirmative defense of "comparative bad faith." The trial court denied the motion and the insurance company sought a writ.

The appellate court granted a writ directing the superior court to vacate its order denying the insurance company's motion to amend its answer and to enter a new order granting the motion.

The insurance company clearly was seeking section 128.5 sanctions for the entire action allegedly brought in bad faith. The *California Casualty Gen. Ins. Co.* court let stand the third affirmative defense without comment.

This case is yet another example of perceived available remedies afforded by section 128.5.

[3]The recent amendment to section 128.5 further codifies and clarifies the application of the section as contemplated by *City of Long Beach* v. *Bozek, supra,* 31 Cal.3d 527 and this opinion.

In connection therewith, the Legislative Counsel's Digest reported, "[e]xisting law authorizes a trial court to require a party or the party's attorney, or both to pay any reasonable expenses incurred by another party as a result of tactics or actions not based on good faith which are frivolous or cause unnecessary delay, as specified. Existing law also provides separate actions for abuse of judicial process and malicious prosecution. [¶] This bill would revise the above provisions for award of expenses by making these provisions applicable to bad-faith tactics or actions which are intended to cause unnecessary delay or are employed solely to harass an opposing party or are totally and completely without merit, rather than tactics or actions which cause unnecessary delay. The bill would define 'actions and tactics' to include, but not be limited to, the making or opposing of motions and the filing and service of a complaint or cross-complaint. 'Actions and tactics' would not include the mere filing of a complaint without service upon an opposing party."

■ The Legislature recognized the notice and opportunity to be heard concerns expressed in *Bauguess* v. *Paine, supra,* 22 Cal.3d 626, when it specifically provided for such in subdivision (b) of section 128.5. (See fn. 1, *ante.*) However, the section is not specific as to the measure of notice necessary.

Because the nature of due process negates an inflexible approach to notice (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654 [183 Cal.Rptr. 508, 646 P.2d 179]), and due to the silence of section 128.5, subdivision (b) as to what kind of notice is adequate, we look to the few cases that have made awards pursuant to section 128.5 for guidance.

Relying on *Ellis* v. *Roshei Corp., supra,* 143 Cal.App.3d 642, Lesser argues that at least the five-day notice required for responding papers is necessary. On the other hand, respondents, citing *M. E. Gray Co.* v. *Gray* (1985) 163 Cal.App.3d 1025 [210 Cal.Rptr. 285], maintain as little as one day's notice will be sufficient when notice is contained in papers timely filed by the moving party.

In *Ellis,* sanctions were sought against the litigant or his counsel for a frivolous filing of a demurrer. The request was included in opposition papers served *five* days before the scheduled hearing. (*Ellis* v. *Roshei Corp., supra,* 143 Cal.App.3d at pp. 646-647.)

The *Ellis* court pointed out in a footnote that "it would appear that for purposes of requesting sanctions under section 128.5 the five-day response time of [Code Civ. Proc.] section 1005 would be jurisdictional to the due process requirements discussed in *Bauguess.* Further, we do not mean to say that five days will be, in all instances, sufficient time to allow the party, against whom sanctions are requested, to answer to prepare for the hearing on the granting of sanctions. *The trial court has the inherent power and the right to control its own proceedings to allow such additional time as, in its discretion, it deems necessary to insure a fair hearing on the request for sanctions.*" (*Ellis* v. *Roshei Corp., supra,* at p. 647, fn. 5, italics added.)

The *Ellis* court also stated "we need not determine whether the minimum time requirement of five days set forth in [Code Civ. Proc.] section 1005 is sufficient to impose sanctions under section 128.5 because in the instant appeal [appellant's counsel] was given a second opportunity to contest the sanctions on his motion to reconsider." (*Id.,* at pp. 647-648.)

Therefore, *Ellis* did not establish a mandatory "five-day rule" as purported by Lesser. As correctly recognized in *M. E. Gray Co.* v. *Gray, supra,* 163 Cal.App.3d at page 1033, the *Ellis* court's "discussion of a five-

day notice requirement cannot be construed as a holding five days' notice is essential in all cases. Rather, under the facts of *that* case, the court noted a period of five days was jurisdictional since the response was due five days before the hearing.''

■ The *Gray* court went on to observe that because of section 128.5's specific provision that notice may be contained in responding papers, when time for filing a response is jurisdictional, a request for sanctions should be deemed adequate notice if included in the response. (*M. E. Gray Co.* v. *Gray, supra,* at p. 1033.)

■ Here, the notice respondents gave Lesser was in the trial brief served on the day of the trial, and the demand for expenses was buried on page 17 of the trial brief, without any special heading or notice language.

Also, there is a question as to the adequacy of notice in the alternative provided by the trial court, since the trial court purported to award attorney's fees and costs on its own motion as well. The trial court gave Lesser notice sometime midday on the second day of trial, and ordered the hearing to take place at 9 a.m. the following morning.

No cases specifically discuss the notice necessary when a trial court indicates on its own motion an intent to impose expenses. However, the rationale of the notice cases generally would apply. While a one-day notice by phone has been rejected as ex parte (*O'Brien* v. *Cseh, supra,* 148 Cal.App.3d at pp. 960-962), in some cases the five days suggested in *Ellis* v. *Roshei Corp., supra,* 143 Cal.App.3d at page 647, footnote 5, may not be enough.

■ After an analysis of the cases that either affirm or reverse the award of section 128.5 sanctions, it appears adequacy of notice should be determined on a case-by-case basis to satisfy basic due process requirements. The act or circumstances giving rise to the imposition of expenses must be considered together with the potential dollar amount. The existing cases mostly involve frivolous or bad faith motions or failures to appear.[4]

---

[4]The following are published cases in which the trial court awarded sanctions pursuant to section 128.5: *Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist., supra,* 140 Cal.App.3d 111, sanctions for meritless cause of action, dollar amount not revealed in opinion (revd.); *Ellis* v. *Roshei Corp., supra,* 143 Cal.App.3d 642, sanctions of $250 for proceeding with an unnecessary demurrer (affd.); *Karwasky* v. *Zachay* (1983) 146 Cal.App.3d 679 [194 Cal.Rptr. 292], sanctions of $250 for frivolous motion (affd.); *O'Brien* v. *Cseh, supra,* 148 Cal.App.3d 957, sanctions of $150 for failure to appear at a hearing (revd.); *In re Marriage of Gumabao* (1984) 150 Cal.App.3d 572 [198 Cal.Rptr. 90], sanctions of $450 for failure to appear at trial (affd.); *Rains* v. *Superior Court* (1984) 150 Cal.App.3d 933 [198 Cal.Rptr. 249], sanctions of $1,000 for frivolous motions (revd. as to

■ *In re Marriage of Flaherty, supra,* 31 Cal.3d 637, is precedent for allowing an additional measure of notice when the entire lawsuit is questioned as frivolous. ■ *Flaherty* recognized due process as a flexible concept that must be tailored to the requirements of each particular situation. (*Id.,* at p. 654.) Relying in part on section 128.5, the Supreme Court held the appellate courts must allow for notice and hearing before imposing sanctions. (*Id.,* at pp. 652-654.)

■ In the instant case, the trial court found the entire lawsuit to be without good faith and frivolous and therefore imposed respondents' attorney's fees and costs of defending the suit as sanctions. Because the question of good faith in the bringing and maintaining of the *$7 million* lawsuit, which had been ongoing for six years, was the subject of the hearing, and because the expenses in defense were substantial, more than one or two days notice is deemed necessary. Lesser was unable to get declarations prepared on less than a day's notice to show his lawsuit was brought in good faith.[5] Therefore, the trial court abused its discretion in the matter of notice.

3. ■ *Lesser did not have adequate opportunity to be heard.*

Lesser also contends he did not have an adequate hearing.

*Flaherty* discussed due process and fair play and held "[p]enalties for prosecuting frivolous appeals should not be imposed without giving fair warning, affording the attorney an opportunity to respond to the charge, and *holding a hearing.*" (*In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 654, italics added; accord *Maple Properties* v. *Harris* (1984) 158 Cal.App.3d 997, 1007 [205 Cal.Rptr. 532], cert. den. (1985) — U.S. — [84 L.Ed.2d 820, 105 S.Ct. 1758].)

While *Flaherty* and its progeny discuss sanctions for frivolous *appeals,* even prior to the passage of section 128.5, *trial* courts had been able to

---

one motion, affd. as to the other); *Corralejo* v. *Quiroga* (1984) 152 Cal.App.3d 871 [199 Cal.Rptr. 733], sanctions of $100 for a frivolous motion (revd.); *M. E. Gray Co.* v. *Gray, supra,* 163 Cal.App.3d 1025, sanctions of $2,950 for a frivolous motion (affd.); *Mungo* v. *UTA French Airlines* (1985) 166 Cal.App.3d 327 [212 Cal.Rptr. 369], sanctions of $500 against counsel who declared preparedness for trial and then dismissed the suit six days later (affd.); *Luke* v. *Baldwin-United Corp.* (1985) 167 Cal.App.3d 664 [213 Cal.Rptr. 654], sanctions of $450 for a frivolous motion (revd.); *Fegles* v. *Kraft* (1985) 168 Cal.App.3d 812 [214 Cal.Rptr. 380], sanctions of $450 to a party who successfully opposed a motion (revd.); *Lavine* v. *Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019 [215 Cal.Rptr. 708], sanctions of $364 for a frivolous motion (revd.); *Pyne* v. *Meese, supra,* 172 Cal.App.3d 392, sanctions of attorneys' fees to defendants upon granting their motions for summary judgment, dollar amount not revealed in opinion (affd.).

[5]When these same declarations were proffered to this court, they were denied as they were not in evidence before the trial court.

impose sanctions at the *trial* level. *Blumenthal* v. *Superior Court* (1980) 103 Cal.App.3d 317, 320 [163 Cal.Rptr. 39], reviewed a discovery sanction pursuant to Code of Civil Procedure section 2034, subdivision (d), and recognized the imposition of sanctions "clearly contemplates *an evidentiary hearing* in the trial court on the question of whether the attorney is deserving of blame in connection with his client's failure to comply with discovery." (Italics added.) This rule was applied in a section 128.5 case in *Corralejo* v. *Quiroga, supra,* 152 Cal.App.3d at page 873.

What an evidentiary hearing might entail was discussed in *Lavine* v. *Hospital of the Good Samaritan, supra,* 169 Cal.App.3d at page 1019. There, the sanctioned party argued that section 128.5 as a summary procedure was constitutionally infirm because it denied due process. The *Lavine* court dismissed this contention holding "[n]othing in section 128.5 precludes a party against whom sanctions are sought thereunder from subpenaing and producing evidence and witnesses or otherwise defending against the request; the scope of a hearing on an application for sanctions is within the trial court's discretion, as with motions generally." (*Id.,* at p. 1028.)

Lesser's contention that he did not have an adequate opportunity to be heard is in two parts: the trial court decided to make an award prior to the hearing; Lesser did not have an opportunity to fully present his case at the hearing.

a. *The trial court may have predetermined an important issue.*

At the end of the trial when reciting its finding, the trial court stated this was a proper case for the imposition of expenses under section 128.5 and "[t]he court will hold a hearing at 9:00 a.m. tomorrow morning on the issue of the amount of attorney fees to be awarded and costs against the [Lesser] in this case."

When questioned by Lesser's counsel at the beginning of the next day's proceedings concerning the purpose of the hearing, the trial court responded "I think this case is not only frivolous but close to a malicious prosecution of a civil matter. That's why I imposed 128.5, and we are here on the amount I will award." It further stated "[t]he only reason for this hearing, so far as I am concerned, is to determine the amount of attorney fees."

These statements indicate the trial court may have determined the issue prior to receiving evidence at the hearing and was only concerned with the *amount* of expenses to be awarded.

Obviously a trial court would be considering imposing sanctions when it notices such a hearing, but it must nonetheless maintain objectivity while

conducting the hearing. Lesser should have been provided an opportunity to be heard, even though the trial court did not believe Lesser's testimony or that of his witnesses during trial. Lesser *may* have been able to present evidence in addition to his own testimony in support of his alleged good faith in bringing his lawsuit. (*Lavine* v. *Hospital of the Good Samaritan, supra,* 169 Cal.App.3d at p. 1028.)

b. *Lesser did not have an opportunity to fully present his case at the hearing.*

Lesser also maintains he was unable to defend against an award. As discussed, the one-day time constraint severely limited his ability to marshal any evidence.

■■■ Respondents take the position that Lesser waived any objection to the sanction award by failing to raise objections at the hearing. However, Lesser's counsel made several objections. When counsel asked for a continuance, the trial court denied the motion as a delaying tactic. Lesser's counsel objected that he had inadequate notice. When the trial court remarked that Lesser's counsel was "hopelessly entwined" with the case because he was a relative of Lesser's, counsel took exception to that remark, but was ordered to "sit down."

The peremptory manner in which the hearing took place negates a finding that Lesser waived any objection to the award.

4. *Section 128.5 expenses should not be imposed on a meritless action if not initiated for an improper motive.*

■■■ Lesser contends the trial court erred by comparing a meritless action with a frivolous one and thereby improperly imposed sanctions.

As discussed, Lesser's hearing was not adequate because of the short notice and lack of opportunity to be heard; therefore we cannot determine on this record whether Lesser's initiating and pursuing the action warranted imposition of section 128.5 sanctions.

Section 128.5 allows for expenses for "tactics or actions not based on good faith which are frivolous or which cause unnecessary delay." As previously discussed, *Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist., supra,* 140 Cal.App.3d at page 116, held the "fact that an action is determined to be 'without merit' does not, a fortiori, place it in the category of frivolous." A further determination is necessary to ascertain whether an action was brought with an improper motive.

Relying on *Flaherty,* the *Atchison* court further recognized "[t]he Legislature did not intend [in passing section 128.5], however, to chill the valid assertion of a litigant's rights against . . . any . . . defendant. For this reason, it is clear sanctions should not be imposed except in the clearest of cases." (*Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist., supra,* 140 Cal.App.3d at p. 117; accord *Luke* v. *Baldwin-United Corp., supra,* 167 Cal.App.3d at p. 669.)

Because due process requirements as to notice and opportunity to be heard were not met here, we do not reach either the *propriety* of the trial court's imposition of sanctions in this fact situation or the sufficiency of the order.

### DISPOSITION

The judgment is reversed and remanded to the trial court to hold a hearing consistent with this opinion.

Each party to bear respective costs on appeal.

Lui, J., and Arabian, J., concurred.

On November 27, 1985, the opinion was modified to read as printed above.