Filed 12/28/23  Timlick v. National Enterprise Systems CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LISA ARLENE TIMLICK,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATIONAL ENTERPRISE<br>SYSTEMS, INC.,<br><br>    Defendant and Appellant. | A165127<br><br>(Lake County<br>Super. Ct. No. CV-416920) |

National Enterprise Systems, Inc. (NES) appeals from a trial court order awarding Lisa Arlene Timlick $20,950 in attorney fees — incurred defending an appeal arising out of a discovery dispute — as a "discovery sanction" pursuant to Code of Civil Procedure sections 2023.010 and 2023.030.[1]  We conclude NES did not receive adequate notice and opportunity to be heard before the sua sponte award of fees as a "discovery sanction."  We reverse.

_____

[1] Undesignated statutory references are to this code.  The history of the parties' litigation is set forth in our two prior opinions, which we incorporate here by reference: *Timlick v. National Enterprise Systems, Inc.* (2019) 35 Cal.App.5th 674 and *Timlick v. National Enterprise Systems, Inc.* (June 22, 2021, A160110) [nonpub. opn.] (*Timlick II*).

1

## BACKGROUND

Timlick filed a putative class action against NES — a third party debt collector — for violating the Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq.). She served NES with interrogatories, inspection demands, and requests for admission, and NES provided written responses. Thereafter, she moved to compel further responses and requested monetary sanctions against NES for misuse of the discovery process (discovery motion). Before the trial court ruled on the motion, NES moved for summary judgment. The court granted the summary judgment motion, and it denied the discovery motion without prejudice. Thereafter, the court entered judgment for NES. Timlick appealed; we reversed the grant of summary judgment and remanded.

When the case returned to the trial court, Timlick revived the discovery motion and sought monetary sanctions. Over NES's opposition, the court partially granted the motion and imposed sanctions on NES pursuant to sections 2030.300, subdivision (c), 2031.310, subdivision (c), and 2033.290, subdivision (c), which require a trial court to impose a monetary sanction against a party who unsuccessfully opposes a motion to compel further responses to written discovery unless the court finds the party acted with substantial justification or that other circumstances make the imposition of the sanction unjust. NES appealed, and we affirmed. We held the court properly allowed Timlick to renew her discovery motion and did not abuse its discretion in imposing sanctions. (*Timlick II*, *supra*, A160110.)

The case returned to the trial court for the second time, whereupon Timlick moved for $26,580 in attorney fees. Her notice of motion identified

2

no basis for the attorney fee award.[2]  In her memorandum of points and authorities, however, she claimed she was entitled to fees as the prevailing party in *Timlick II*.  She briefly noted the Civil Discovery Act — section 2016.010 et seq. — authorizes "the award of attorney fees on any successful motion to compel," and she asserted that when a statute authorizes " 'recovery of attorney fees incurred at trial,' " it also includes " 'attorney fees incurred on appeal unless the statute specifically provides otherwise.' "

NES urged the trial court to deny the attorney fee motion.  NES argued Timlick was not entitled to prevailing party attorney fees because the lawsuit hadn't been resolved.  NES also noted she had failed to identify an "independent basis" for an attorney fee award, and the court's previous order imposing monetary sanctions did not support recovery of fees incurred in the appeal from that order.  Timlick could not — as NES explained — recover "attorney's fees as fees."  (Capitalization omitted.)  In her reply, Timlick maintained she was entitled to fees as a prevailing party in *Timlick II*.  And after making a passing reference to the Civil Discovery Act, she detailed NES's "misuse of the discovery process" in the trial court.  At a hearing on the motion, Timlick noted she sought attorney fees "under the discovery statutes listed in the papers."

The trial court took the matter under submission, and it then granted the motion in a lengthy written order.  As an initial matter, it concluded the request for prevailing party attorney fees was premature because no prevailing party had "been determined by judgment."  Next, the court

---

[2] We augment the record on our own motion to include Timlick's notice of motion.  (Cal. Rules of Court, rule 8.155(a)(1)(A); all further rule references are to the California Rules of Court.)

3

observed the word "sanctions" was "[n]otably absent" from the "confusing" motion. Nevertheless, it sua sponte interpreted the motion as seeking attorney fees incurred in *Timlick II* "as a discovery sanction." Given that the parties had cited no authority holding an unsuccessful appeal arising out of a discovery dispute constituted a misuse of the discovery process under the Civil Discovery Act, the court conducted its own research and concluded NES's appeal in *Timlick II* constituted a misuse of the discovery process under section 2023.010. The court likened the appeal to an "opposition to the motion to compel" and held NES was subject to "mandatory monetary sanction[s] under the discovery statutes." Lastly, the court found NES did not act with substantial justification, imposition of a discovery sanction would not be unjust, and a sanction in the amount of $20,950 was reasonable under section 2023.030.

## DISCUSSION

The Civil Discovery Act authorizes a trial court to impose monetary sanctions for misuse of the discovery process. (*Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 829.) Unsuccessfully opposing a motion to compel without substantial justification is a misuse of the discovery process. (§ 2023.010, subd. (h).) "The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." (§ 2023.030, subd. (a).) A court must "impose a monetary sanction against 'any party, person, or attorney' who unsuccessfully opposes a motion to compel a further response to interrogatories, a motion to compel a further response to an inspection demand, a motion to compel compliance with an inspection demand, or a motion to compel further response to requests for

4

admissions 'unless [the court] finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.' " (*Deck*, at p. 829.)

A trial court, however, may impose a sanction for misuse of the discovery process only "after notice to any affected party, person, or attorney, and after opportunity for hearing." (§ 2023.030.) The notice of motion must "identify every person, party, and attorney against whom the sanction is sought, and specify the type of sanction sought." (§ 2023.040.) It is a "basic rule of law and motion" that the notice of motion must " 'state in the opening paragraph the nature of the order being sought and the grounds for issuance of the order.' " (*Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 207; see also rule 3.1110(a).)

"At its core, due process entitles a person to notice and the opportunity to be heard before a neutral decision maker. . . . ' "Adequate notice prior to imposition of sanctions is mandated not only by statute, but also by the due process clauses of both the state and federal Constitutions." ' " (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 82.) "When sanctions are at issue, due process can be satisfied if the court gives a clear warning identifying the anticipated grounds for the sanctions or if those grounds are identified by the opposing party, and the court provides counsel with an opportunity to respond at least orally." (*Shenefield v. Shenefield* (2022) 75 Cal.App.5th 619, 631–632.) The adequacy of notice is "determined on a case-by-case basis to satisfy basic due process requirements. The act or circumstances giving rise to the imposition of [sanctions] must be considered together with the potential dollar amount." (*Lesser v. Huntington Harbor Corp.* (1985) 173 Cal.App.3d 922, 932.) "We review procedural due process

claims de novo because ' " 'the ultimate determination of procedural fairness amounts to a question of law.' " ' " (*Kwan*, at p. 82.)

Based on our independent review of the record, we agree with NES that it did not receive adequate notice or an opportunity to be heard before the trial court awarded attorney fees on appeal as a "discovery sanction" pursuant to sections 2023.010 and 2023.030.

Timlick's notice of motion did not identify the party against whom the discovery sanction was sought, indicate that the motion sought *attorney fees as a discovery sanction*, or identify the code sections under which the motion was brought. True, Timlick made a passing reference to the Civil Discovery Act in her memorandum of points and authorities, and she stated in her reply that she was "[g]enerally . . . entitled to a monetary sanction" against one who engaged in the misuse of the discovery process. But in context, this latter phrase seems most likely directed to NES's conduct in the trial court, not this one. Moreover, the word "sanction" is conspicuously absent from the notice of motion and the memorandum of points and authorities. And at the hearing, the court referred to Timlick's motion as seeking "attorneys fees on appeal." When offered an opportunity to present argument, Timlick rested on her moving papers and made only a fleeting reference to the availability of attorney fees "under the discovery statutes listed in the papers." For its part, NES focused on whether Timlick was a prevailing party. Considering the sizable sum of attorney fees at issue, neither Timlick's briefing nor the hearing provided NES with adequate notice or an opportunity to respond to the imposition of sanctions under this novel theory.

The trial court's sua sponte imposition of attorney fees — for fees Timlick incurred defending an appeal arising out of a discovery dispute — as a "discovery sanction" violated NES's right to procedural due process.

6

(See *Sole Energy Co. v. Hodges, supra*, 128 Cal.App.4th at pp. 207–209 [notice of motion for terminating sanctions was insufficient where notice given was for monetary and other unspecified sanctions]; *Lesser v. Huntington Harbor Corp., supra*, 173 Cal.App.3d at pp. 933–935 [reversing award of sanctions imposed pursuant to § 128.5 where party had insufficient notice and no "opportunity to fully present [its] case at [a] hearing"]; *Barrientos v. City of Los Angeles* (1994) 30 Cal.App.4th 63, 70–71 [reversing sanctions order imposed on counsel for failing to reach settlement where trial court neither "adequately conveyed . . . intent to impose sanctions [n]or granted counsel the opportunity to respond"].) Timlick offers no argument to the contrary. We elect to treat her failure to respond to NES's due process argument as a concession the contention has merit. (*Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90.)

Having reached this conclusion, we need not address NES's assertion that prosecuting an unsuccessful appeal arising out of a discovery dispute does not constitute a misuse of the discovery process under the Civil Discovery Act. And we express no opinion regarding Timlick's entitlement to attorney fees pursuant to a properly noticed motion.

## DISPOSITION

The order is reversed. NES is entitled to costs on appeal. (Rule 8.278(a)(2).)

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Fujisaki, J.

A165127

*Timlick v. National Enterprise Systems, Inc.*

8