83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maury KEMP, Sr.; Jean Jones Kemp; Kemp Ford, Inc.,
Plaintiffs-Appellants,
v.
FORD MOTOR COMPANY; Ford Motor Credit Corporation,
Defendants-Appellees.
 No. 94-56466.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 24, 1996.
 
 1
 Before: O'SCANNLAIN and TROTT, Circuit Judges; VAN SICKLE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Maury and Jean Kemp, along with Kemp Motor Company ("KMC"), appeal the District Court's decision to award attorney's fees in the amount of $165,934.51 to Defendants Ford Motor Company ("FMC") and Ford Motor Credit Company ("FMCC"). The remaining seven plaintiffs, also Kemp-created organizations, did not join in the appeal.
 
 
 4
 The Defendants-Appellees have elected not to oppose the portion of the appeal dealing with the Kemp Motor Company. Appellee's Responding Brief, 1 n. 1. Thus, the only issue is whether Maury Page Kemp and Jean Jones Kemp are personally liable for the payment of the attorney's fees. The Kemps claim that the Defendants are not entitled to attorney's fees under California Civil Code section 1717 because the Kemps were neither parties nor signatories to the contracts upon which the lower court relied in determining that attorney's fees were warranted; and the claims on which the Defendants-Appellees won summary judgment motions below were unrelated to the contracts in question.
 
 
 5
 * Maury Kemp owned Ford Dealerships throughout the Southwest from 1957 until 1992. In 1985, Kemp undertook to open an auto park in Cathedral City, California. FMCC provided financing to Kemp to purchase the land and to construct the facilities, as well as to purchase new cars for the non-Ford dealership at the auto park. The signatories to the two real estate contracts were FMCC and the "Kemp Group." The agreement for the financing of new car purchases was between FMCC and the Kemp Automotive Group, Inc. All three contracts contained attorney's fees clauses.[1]
 
 
 6
 In 1989, Kemp's auto park was in default in its loans to FMCC. In 1992, FMC and FMCC demanded that Kemp sell his El Paso, Texas dealership. Later that year, FMCC foreclosed on Kemp's California dealership and Kemp was forced to sell his El Paso location.
 
 
 7
 On June 9, 1992, the Plaintiffs filed their First Amended Complaint against FMC and FMCC, alleging causes of action against FMC for the forced sale of KMC's Ford dealership in El Paso, Texas and against FMCC in connection with FMCC's decision to close its credit allowances as to the Cathedral City, California auto park. The charges included fraud, breach of the implied covenant of good faith and fair dealing, and intentional interference with prospective economic advantage.
 
 
 8
 On April 9, 1993, the District Court, the Honorable Consuelo B. Marshall, presiding, dismissed all Plaintiffs' claims relating to the El Paso matter, holding that KMC had failed to exhaust the administrative remedies available under Texas law. On May 24, 1994, the District Court granted Summary Judgment in favor of FMC on all causes of action and on May 27, 1994, the District Court granted Summary Judgment in favor of FMCC on all counts. On August 26, 1994, the District Court granted the Defendants' attorney's fees motion in the amount of $165,934.51. In its decision to award the Defendant attorney's fees, the District Court stated the following:
 
 
 9
 "In the present action Plaintiffs brought their claims pursuant to three contracts. Although Plaintiffs Maury and Jean Kemp were not signatories to the contracts, the First Amended Complaint indicates that Plaintiffs Maury and Jean Kemp's claims were premised upon the three contracts. Pursuant to the terms of the three contracts, all Plaintiffs would have been entitled to fees had they prevailed." Defendant's Motion for Attorney's Fees in Excerpts of Record, 404 (District Court's order) (footnote omitted).
 
 II
 
 10
 A District Court's findings of fact, such as whether the Kemp's claims on which they lost summary judgment motions were based on the three aforementioned contracts, shall not be set aside unless they are clearly erroneous. Fed.R.Civ.P. 52(a); Maurice A. Garbell, Inc. v. Boeing Co., 546 F.2d 297, 299 (9th Cir.1976), cert. denied, 431 U.S. 955 (1977). We accept the factual findings unless, upon review of the entire evidence, we are "left with the definite and firm conviction that a mistake has been committed." Schultz v. Department of Army, 10 F.3d 649, 653 (9th Cir.1993) (citations omitted). Evidence is viewed in a light most favorable to the prevailing parties. Lozier v. Auto Owners Insurance Co., 951 F.2d 251, 253 (9th Cir.1992); Fenton v. Freedman, 748 F.2d 1358, 1361 (9th Cir.1984). Even if the court of appeals would have weighed the evidence differently if it had been sitting as the trier of fact, we may not reverse "if the district court's account of the evidence is plausible in light of the record viewed in its entirety." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).
 
 III
 
 11
 California Civil Code section 1717 states that when a contract provides that attorney's fees incurred to enforce the contract shall be awarded to either one of the parties, the party who is determined to be the prevailing party, regardless of whether he or she is specified in the contract, shall be entitled to reasonable attorney's fees. Cal.Civ.Code § 1717. The prevailing party is the party "who recovered a greater relief in the action on the contract." Id. The definition of prevailing party had been altered over the years, with the present definition put in place to emphasize that the "prevailing party" should be determined without reference to the success or failure of noncontract claims. Hsu v. Abbara, 9 Cal.4th 863, 873-74, 891 P.2d 804, 811, 39 Cal.Rptr. 824, 831 (Cal.1995) (en banc). A prevailing party includes one who was victorious on a summary judgment motion. See, e.g., Smith v. Krueger, 150 Cal.App.2d 752, 198 Cal.Rptr. 174 (Cal.Ct.App.1983). When a decision on the litigated contract is solely good news for one party, the trial court must give attorney's fees to the successful litigant. Hsu, 9 Cal.4th at 875-76, 891 P.2d at 912, 39 Cal.Rptr.2d at 832.
 
 
 12
 A party is entitled to attorney's fees even when the finder of fact determines the contract to be invalid, unenforceable, or nonexistent. Hsu, 9 Cal.4th at 870, 891 P.2d at 808, 39 Cal.Rptr.2d at 828; Rainier Nat'l Bank v. Bodily, 232 Cal.App.3d 83, 86, 282 Cal.Rptr. 926, 927 (Cal.Ct.App.1991). A party is entitled to receive attorney's fees only if it would have been liable to the other party for these fees had the other party won the litigation on the contract. Real Property Services Corp. v. City of Pasadena, 25 Cal.App.4th 375, 382, 30 Cal.Rptr.2d 536, 541 (Cal.Ct.App.1994); Leach v. Home Sav. and Loan Assoc., 185 Cal.App.3d 1295, 1307, 230 Cal.Rptr. 561 (Cal.Ct.App.1986). Thus, if a nonsignatory plaintiff sues a signatory defendant in a contract action and the defendant prevails, the defendant will obtain attorney's fees only if it would have been liable for the plaintiff's fees had the plaintiff won the action. Real Property Services, 25 Cal.App.4th at 382, 30 Cal.Rptr.2d at 541.
 
 IV
 
 13
 We find the District Court did not commit clear error in awarding attorney's fees to FMC and FMCC. There is plausible evidence that the Kemps' claims on which the court entered judgment are directly connected to the three agreements signed between the Kemp companies and FMC or FMCC. See Appellee's Responding Brief, 5-7, 13; Excerpts of Record, 26-29, 52-56. That the Kemps did not personally sign the agreements does not prevent FMC and FMCC from receiving attorney's fees. The Kemps would have personally gained had they prevailed on their various claims against the Defendants and primarily used the Kemps' corporate entities as the vehicles by which they could receive their judgment. Moreover, if the District Court had sided with the Kemps on their charges, the provisions of all three relevant contracts plainly would have allowed the Kemps to receive attorney's fees. Therefore, the District Court's decision to award attorney's fees was not clearly erroneous and it shall be affirmed.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The three documents were a $7,000,000 Promissory Note, a Deed of Trust to secure the Promissory Note, and a wholesale financing and security agreement. See Appellant's Opening Brief, 9; Appellee's Responding Brief, 4-5 nn. 3-4