Filed 2/26/15  Vega v. Goradia CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LIRIO A. VEGA,<br><br>　　Plaintiff and Appellant,<br><br>　v.<br><br>YOGESH N. GORADIA et al.,<br><br>　　Defendants and Respondents. | B254585<br><br>(Los Angeles County<br>Super. Ct. No. YC067224) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County. Ramona G. See, Judge.  Reversed.

　　　　Albert Passaretti for Plaintiff and Appellant.

　　　　Stanley D. Bowman for Defendants and Respondents.

\* \* \* \* \* \*

Plaintiff Lirio Vega sued defendants Yogesh and Ranjan Goradia for wrongful foreclosure and related causes of action in connection with a sheriff's sale of real property (the Property) conducted pursuant to a judgment of foreclosure. Judgment was entered in favor of defendants. In a separate opinion filed this date, we affirm the judgment and orders of the trial court in that lawsuit.

Subsequent to entry of judgment, defendants moved for an award of attorney's fees. The court granted the motion and ordered plaintiff to pay defendants $63,120 in attorney's fees.

Plaintiff appeals the post-judgment order. We conclude that, contrary to defendants' contention, plaintiff's claims were not based on the note or deed of trust executed by plaintiff in connection with her purchase of the Property. Because no other basis for the fee award is proffered, we reverse the order.

PROCEDURAL SUMMARY

The factual background of this case is set forth in our opinion, filed concurrently herewith (*Vega v. Goradia* (B253579)), affirming the trial court's entry of judgment in favor of defendants in plaintiff's lawsuit for wrongful foreclosure, abuse of process, fraud, and quiet title. This appeal is limited to the trial court's ruling that defendants, as prevailing parties, were entitled to recover the attorney's fees they incurred in defending the wrongful foreclosure lawsuit based on the attorney's fees provisions of the note and deed of trust executed by plaintiff in connection with her purchase of the Property.

In their attorney's fees motion, defendants relied on Civil Code[2] 1717 and Code of Civil Procedure sections 730, 1032, 1033 and 1033.5, together with the provisions of the written contracts between the parties, to argue that they were entitled to recover their attorney's fees as prevailing parties in this action. Their brief on appeal states their legal position as follows: "Where a new action is filed to challenge a previous judgment that was based upon a contract, the prevailing party is entitled to an award of attorney['s]

---

[2]     Unless otherwise specified, further statutory references are to the Civil Code.

fees. See *Ranier National Bank v. Bodily* (1991) 232 Cal.App.3d 83, 86. Moreover, courts have granted attorney['s] fees awards to defendants prevailing on wrongful foreclosure actions based upon underlying loans containing attorney['s] fees provisions. See *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 345-346."

In opposition to the fee motion, plaintiff did not challenge the legal authorities cited by defendants, but rather argued that defendants' cross-complaint failed to state a claim for indemnification, that they waived all claims to attorney's fees when they dismissed the cross-complaint, and that "the cross-complaint as an action for enforcement of a judgment is barred."

The trial court granted defendants' fee motion "on the grounds that Defendants were the prevailing parties in this action and Defendants have a contractual basis for such fees. See Code of Civil Procedure § 1032(4)." The court rejected plaintiff's argument that she was the prevailing party since defendants had dismissed the cross-complaint.

DISCUSSION

Defendants maintain that, because the record on appeal does not include a reporter's transcript of the hearing on their fee motion, plaintiff has not provided an adequate record for review. They argue: "'Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be conclusively presumed correct as to all evidentiary matters. To put it another way, it is presumed that the unreported trial transcript would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment then supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence.' (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)"

Plaintiff's challenge to the fee award does not raise an issue of the sufficiency of the evidence, nor does it question the trial court's exercise of discretion in fixing the amount of the award. Rather, plaintiff raises the legal question of whether section 1717 authorizes an award of attorney's fees under the undisputed facts of this case. Where

3

"[t]here are no relevant evidentiary disputes and the determination of the trial court did not require an exercise of discretion," our review is de novo. (*Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 780.)

Section 1717 states in relevant part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." "In determining whether an action is 'on the contract' under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action." (*Kachlon v. Markowitz*, *supra*, 168 Cal.App.4th at p. 347.) "An action (or cause of action) is 'on a contract' for purposes of section 1717 if (1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement, and (2) the agreement contains an attorney['s] fees clause." (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 242.)

Here, the factual basis for the current lawsuit were actions which plaintiff alleged occurred subsequent to the entry of the judgment of foreclosure, such as deficiencies in the notice of sale, improprieties in defendants' credit bid, and defendants actions in initiating an unlawful detainer action and serving a Notice to Quit prior to the recordation of the sheriff's Deed of Sale. Plaintiff's complaint asserted causes of action sounding in tort for wrongful foreclosure, abuse of process and fraud. She also sought to quiet title, based upon the allegations of wrongful foreclosure. Her claims do not make reference to or rely upon the existence of a contract, or seek to interpret an agreement or to determine or enforce a party's rights or duties under a contract. Thus, section 1717 is inapplicable under the facts of this case.

Defendants cite two cases as the basis of their entitlement to an award of fees: *Ranier National Bank v. Bodily*, *supra*, 232 Cal.App.3d 83 ("*Ranier*") and *Kachlon v.*

*Markowitz, supra,* 168 Cal.App.4th 316 ("*Kachlon*"). Neither of these cases supports defendants' position.

*Ranier*, *supra*, 232 Cal.App.3d 83, concerned a judgment creditor's successful attempt to enter a $70,745 Washington state judgment as a judgment in California. After entry of the California judgment, the defendants moved to have it vacated on the grounds that they did not sign the guaranty and the Washington court did not have personal jurisdiction over them. The trial court vacated the judgment, which decision was affirmed by Division Two of this District Court of Appeal. The defendants then filed a motion in the trial court for attorney's fees; the court denied the motion, reasoning that the action was on the judgment, not on a contract, and thus did not fall within the provisions of section 1717. The Court of Appeal reversed that order, citing the equitable principles underlying section 1717: "Under Civil Code section 1717, the prevailing party is entitled to attorney's fees even when it wins on the grounds that the contract is inapplicable, invalid, unenforceable or nonexistent, so long as the party pursuing the lawsuit would have been entitled to attorney's fees had it prevailed. (*Bovard v. American Horse Enterprises, Inc.* (1988) 201 Cal.App.3d 832, 842; *On v. Cow Hollow Properties* (1990) 222 Cal.App.3d 1568, 1574.)" (*Ranier*, *supra*, at p. 86.) The court reasoned that, had the plaintiff brought his original action on the guaranty in California, the defendants would be entitled to attorney's fees based on the mutuality provision of Civil Code section 1717. "To disallow attorney's fees in this factual situation would reward Rainier for selecting an improper forum and would be contrary to logic and to the spirit of Civil Code section 1717." (*Ibid.*)

Here, plaintiff did not sue to set aside the foreclosure judgment; she sought to set aside the sheriff's sale based on events which transpired after entry of the judgment of foreclosure and prior to the sale. Thus, the circumstances of this case are not analogous

to those in *Ranier*, *supra*, 232 Cal.App.3d 83.  And unlike the appellant in *Ranier*, had plaintiff prevailed at trial, she would not have been entitled to an award of attorney's fees pursuant to section 1717, for the simple reason that her lawsuit was not based on a contract.

Similarly, *Kachlon, supra,* 168 Cal.App.4th 316, provides no authority for the fee award in this case.  In *Kachlon,* the plaintiff homeowners sued the defendant beneficiaries under a deed of trust for wrongful foreclosure based on the latter's initiation of nonjudicial foreclosure proceedings (which were later dismissed).  A jury found that, as alleged by the plaintiffs, the promissory note secured by the trust deed had been paid in full.  A judgment was entered in the plaintiffs' favor, with an award of money damages and attorney's fees under section 1717.  (*Id.* at pp. 329-332.)

The defendants challenged the fee award, contending that section 1717 did not apply because the plaintiffs' claims "for declaratory and injunctive relief and quiet title were equitable in nature, and not arising out of contract."  (*Kachlon, supra,* 168 Cal.App.4th at p. 346.)  On appeal, Division Four of this District affirmed the award of fees.  Said the court:  "In determining whether an action is 'on the contract' under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action.  [Citation.]  Here, although the remedy sought in the relevant causes of action was equitable, the claims were still actions 'on the contract,' i.e., the note and deed of trust."  (*Id.* at p. 347.)

The same cannot be said for plaintiff's claims in the instant case.  Plaintiff's operative complaint contained three causes of action sounding in tort (wrongful foreclosure, fraud and abuse of process) as well as the equitable remedy of quiet title.  The complaint challenged the validity of the sheriff's sale conducted pursuant to the judgment of foreclosure, based not on the terms of the note or deed of trust, but on the failure of the sale to conform to the requirements of the foreclosure statutes.

6

In sum, defendants cite no authority which supports their entitlement to a fee award under the circumstances of this case. Consequently, we reverse the order awarding attorney' fees.

DISPOSITION

The order is reversed. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GOODMAN, J.*

We concur:

MOSK, Acting P.J.

KRIEGLER, J.

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7