Filed 12/15/2017

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CALIFORNIA-AMERICAN WATER COMPANY,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MARINA COAST WATER DISTRICT,<br><br>　　　Defendant and Appellant;<br><br>MONTEREY COUNTY WATER RESOURCES AGENCY,<br><br>　　　Defendant and Respondent. | A146166, 146405<br><br>(San Francisco County<br>Super. Ct. No. CGC-13-528312) |

　　　This consolidated appeal challenges trial court orders requiring appellant Marina Coast Water District (Marina) to pay attorney fees incurred by respondents California-American Water Company (California-American) and Monterey County Water Resources Agency (Monterey) after respondents successfully argued that contracts between the parties were void.  Marina argues that respondents are not entitled to fees under Civil Code section 1717 (section 1717) because the underlying contracts that were the basis for the fees were declared void.  We reject the argument and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

　　　The factual and procedural background of this case was discussed at length in our decision in *California-American Water Co. v. Marina Coast Water Dist.* (2016) 2 Cal.App.5th 748 (*California-American I*), and we need recount only a portion of it for purposes of this appeal.  California-American, a water utility, and Marina and Monterey,

1

public water agencies, entered into several contracts to collaborate on a water desalination project. (*Id.* at p. 751.) As part of their arrangement, the parties agreed that the prevailing party of "any action or proceeding in any way arising from [their a]greement" would be entitled to an award of attorney fees and costs.

After learning that a member of Monterey's board of directors had a conflict of interest because he had been paid for consulting work to advocate for the agreements on behalf of Marina, California-American filed this lawsuit to have the contracts declared void under Government Code section 1090. (*California-American I, supra,* 2 Cal.App.5th at p. 753.) Monterey agreed that the contracts were void, but Marina did not. (*Id.* at pp. 753-754.) Not only did Marina deny that the contracts were void, but it also affirmatively filed its own cross-claims seeking a declaration that the contracts were "valid and enforceable." Years of contentious litigation ensued, culminating in our affirmance of the trial court's judgment declaring the agreements void. (*Id.* at p. 752.)

In this appeal, Marina challenges two post-judgment orders entered by the trial court regarding attorney fees. In the first order, the trial court ruled that California-American and Monterey were entitled to costs after the court found they were the "prevailing [parties] under both" Code of Civil Procedure section 1032 and section 1717. Marina appealed from this order in case number A146166. In the second order, the trial court granted California-American and Monterey's motions for specific attorney fees awards. Marina appealed from this order in case number A146405. We consolidated the two appeals.

## II.
### DISCUSSION

Marina challenges California-American and Monterey's legal entitlement to attorney fees but not the amount of fees awarded. It contends that section 1717

2

authorizes a fees award only in cases involving an "action on a contract."[1]  Marina argues that this case is not such an action because the contracts at issue were declared void. Marina also claims that, because the contracts were declared void, the trial court's fees award was contrary to public policy.  According to Marina, the trial court improperly rewarded California-American and Monterey twice: "first, for escaping their contractual obligations on grounds not based upon the terms of the contracts nor any contractual breach by Marina, and second, by obtaining an award of attorney fees against Marina in reliance on one of the very same contracts that they successfully argued was void."

We review de novo the legal basis for an award of attorney fees.  (*Exarhos v. Exarhos* (2008) 159 Cal.App.4th 898, 903.)  When an appeal, such as this one, raises a pure question of law, we "conduct an independent review of [the legal questions, and we] decide them without deference to the decision made below."  (*Coburn v. Sievert* (2005) 133 Cal.App.4th 1483, 1492.)

### A. The Trial Court Properly Ruled that this Case Was an "Action on a Contract" for Purposes of Awarding Attorney Fees Under Section 1717.

We begin with an overview of the applicable law.  Section 1717, subdivision (a) declares that "*[i]n any action on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."  (Italics added.)  Marina argues that the trial court's attorney fees award contravened

---

[1] California-American and Monterey both argue that we need not address this argument because Marina failed to raise it below, with California-American going so far as to characterize the notion that Marina preserved it as "***pure fantasy***."  True, Marina focused below primarily on whether respondents were the prevailing parties for purposes of awarding attorney fees and not on whether the action was on a contract for purposes of section 1717.  But Marina did cite the statute and raised the issue with enough specificity to preserve it for appellate review.  Even if it had not, we would exercise our discretion to review the claim.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.)

3

section 1717's limitation that fees be awarded only in an action on a contract "[b]ecause there were never any contract-based claims at issue" and because the only issue litigated was the "effect" of the board member's conflict of interest "on the validity of the . . . contracts." According to Marina, the case was not an action on a contract because the contracts at issue were ultimately declared void ab initio under Government Code section 1090. We admit some intuitive appeal to the argument. How can an attorney fees provision in a contract govern the parties' fees obligations when the contract itself is deemed to have been void from its inception? The argument, however, is ultimately unpersuasive for the reasons explained by the Supreme Court in *Santisas v. Goodin* (1998) 17 Cal.4th 599 (*Santisas*).[2]

In *Santisas*, the Court recounted that the "[t]he primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions." (*Santisas, supra*, 17 Cal.4th at p. 610.) The Court explained that the section safeguards mutuality of remedy in two circumstances. The first, which is inapplicable here, is when a contract expressly provides the right to collect attorney fees to one party but not the other. (*Id.* at pp. 610-611.) The second, which is applicable and controlling here, "is when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation 'by successfully arguing *the inapplicability, invalidity, unenforceability, or nonexistence* of the same contract.' " (*Id.* at p. 611, italics added.) As the court explained, without section 1717 the prevailing party under either of these two circumstances would be unable to claim attorney fees as a contractual right because the party's position would be "inconsistent with a contractual claim." (*Santisas*, at p. 611.) "[T]he right to attorney fees would be effectively unilateral . . . because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision." (*Ibid*.) To avoid such a unilateral right and to ensure mutuality of remedy, "it has been consistently held that when a party litigant prevails in an action on a contract

---

[2] In light of our conclusion affirming the fees award under section 1717, we need not resolve California-American's alternative contentions that Code of Civil Procedure sections 1032, 1033.5, and 1021.5 all provide independent bases to affirm the award.

4

by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed." (*Ibid*; see also *Hsu v. Abbara* (1995) 9 Cal.4th 863, 870; *Rainier National Bank v. Bodily* (1991) 232 Cal.App.3d 83, 86; *North Associates v. Bell* (1986) 184 Cal.App.3d 860, 865.)

In *Eden Township Healthcare Dist. v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 425 (*Eden Township*), this court applied *Santisas*'s holding in a case brought by a healthcare district that specifically sought to have a contract declared void under Government Code section 1090. The court held that such a case *is* an action on a contract for the purposes of section 1717. (*Eden Township*, at p. 426.) "[A] contracting party that successfully defends against a claim that the underlying contract is void is entitled to attorney fees as the prevailing party under section 1717, regardless of whether the [party] previously had asserted its own affirmative claim to enforce the contract." (*Ibid*.) The court observed that "it is difficult to think of an action that is more likely to be characterized as an 'action on a contract' than one in which the party bringing the action explicitly seeks to have the subject contract declared void and invalid in its entirety." (*Id.* at p. 427.)

Marina argues that *Eden Township* does not control here for two reasons. First, it contends that *Eden Township*, unlike this case, "was unquestionably 'on a contract' . . . [because] the cross-complaint at issue arose from a complaint that alleged a breach of contract and sought specific performance." Second, it points out that in *Eden Township*, unlike here, "the contract at issue . . . was [adjudged to be] valid, not void."

Neither of these points need long detain us. On the first point, a complaint alleging that a contract is void under Government Code section 1090 involves, by definition, the issue whether the contract is valid and enforceable. And this is true regardless of whether the complaint also alleges specific contract claims or demands specific performance. In a case initiated by such a complaint, a party's entitlement to attorney fees under section 1717 turns on the fact that the litigation was about the

5

existence and enforceability of the contract, not on the presence of particular contractual claims or a request for specific performance.  (See *Arthur L. Sachs, Inc. v. City of Oceanside* (1984) 151 Cal.App.3d 315, 322  ["Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. . . .  ¶  In the final analysis we look to the pleading to determine the nature of plaintiff's claim."].)  We find no basis to conclude that *Eden Township*'s holding that a suit seeking to declare a contract void under Government Code section 1090 is an action on a contract applies only in cases in which other contract claims are alleged or specific performance is demanded.

On the second point, *Santisas* was unequivocal in holding that a party can be entitled to attorney fees under section 1717 even when the contract at issue is adjudged to be inapplicable, invalid, unenforceable, or even nonexistent.  (*Santisas, supra*, 17 Cal.4th at p. 611.)  This entitlement arises because of the section's purpose of protecting the parties' mutuality of remedy.  As we have mentioned, "[u]nder that doctrine, if the party would have been exposed to fees had the court found against it, then that party is entitled to fees for prevailing."  (*Eden Township, supra*, 220 Cal.App.4th at p. 429.)  " ' "To achieve its goal, [section 1717] generally must apply in favor of the party prevailing on a contract claim whenever that party would have been liable under the contract for attorney fees had the other party prevailed." ' "  (*Id*. at p. 430, fn. 7.)

It is true, as Marina points out, that in *Eden Township*, unlike here, "the contract at issue . . . was [adjudged to be] valid, not void."  But *Eden Township* made clear that the principle of mutuality applies to attorney fees obligations even when the contract is declared void: "It is worth noting, however, that if the District [the party that was unsuccessful in having the contracts declared void] had established the invalidity of the [contracts], then [it] could have invoked the mutuality of remedy doctrine to establish its entitlement to attorney fees."  (*Eden Township, supra*, 220 Cal.App.4th at p. 430.)  This point was repeated in a footnote: "[T]he District was a party to the contract and it appears it would have had a right to claim its attorney fees under the mutuality of remedy doctrine

6

had it prevailed on its cross-complaint [to have the contracts declared void]." (*Id.* at p. 430, fn. 7.)

As did the healthcare district in *Eden Township*, Marina here asserted a claim for attorney fees. And nobody disputes that if Marina had prevailed it would have been entitled to an award of its fees. But California-American and Monterey prevailed, and under mutuality principles they have "a right to claim [their] attorney fees." (*Eden Township, supra*, 220 Cal.App.4th at p. 430.)

*B. The Fees Award Does Not Violate Public Policy.*

According to Marina, the trial court's fees orders must be set aside because requiring a party who unsuccessfully defends a lawsuit seeking to have contracts declared void under Government Code section 1090 violates public policy since "attorney fee provisions in illegal contracts are – like the contracts themselves – unenforceable." Marina concedes that it did not preserve this argument in the trial court but asks us to consider it because it involves " 'purely a question of law.' " We exercise our discretion to consider the argument and reject it on its merits. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 887, fn. 7.)

Marina is correct that under section 1717 " 'a different rule applies where a contract is held unenforceable because of illegality.' [Citations.] 'A party to a contract who successfully argues its illegality stands on different ground than a party who prevails in an action on a contract by convincing the court the contract is inapplicable, invalid, nonexistent or unenforceable for reasons other than illegality.' [Citation.] Because courts generally will not enforce an illegal contract, there is no need for a mutual right to attorney fees since neither party can enforce the agreement." (*Yuba Cypress Housing Partners, Ltd. v. Area Developers* (2002) 98 Cal.App.4th 1077, 1081-1082; see also *Bovard v. American Horse Enterprises, Inc.* (1988) 201 Cal.App.3d 832, 843.)

But while the illegality exception to the rule of mutuality of remedies applies when the subject matter of the contract is illegal, it does not apply when, as here, the litigation involves the "invalidity" or "unenforceability" of an *otherwise legal contract*. (*Santisas, supra*, 17 Cal.4th at p. 611.) While the contracts here were ultimately declared

7

void under Government Code section 1090, there was nothing illegal about their subject matter, which simply governed the parties' relationships and rights in connection with the desalination project.  Contrary to Marina's contention, the trial court's determination that the agreements were "void ab initio under Government Code section 1090" did not render the agreements "illegal."  The issue was whether the contracts were void due to the conflict of interest of Monterey's board member—not whether the contracts involved an illegal enterprise to which the parties could not contractually bind themselves.  The illegality exception to the rule of mutuality of remedies does not apply in this case.

III.
DISPOSITION

The trial court's orders are affirmed.

                                         _____

                                         Humes, P.J.

We concur:

_____

Margulies, J.

_____

Banke, J.

Trial Court:

San Francisco County Superior Court


Trial Judge:

Hon. Curtis E.A. Karnow


Counsel for Plaintiff and Respondent

Robert R. Moore, Mallory & Natsis LLP

Michael J. Betz, Mallory & Natsis LLP

Alexander J. Doherty, Mallory & Natsis LLP

Allen Matkins Leck Gamble, Mallory & Natsis LLP


Counsel for Defendant and Appellant:

James L. Markman,  Richards, Watson & Gershon

B. Tilden Kim,  Richards, Watson & Gershon

Kyle H. Brochard,  Richards, Watson & Gershon

Mark Fogelman, Friedman & Springwater LLP

Ruth Stoner Muzzin, Friedman and Springwater LLP


Counsel for Defendant and Respondent:

Mark A. Wasser, The Law Offices of Mark A. Wasser

Charles J. McKee, County Counsel

Susan K. Blitch, Senior Deputy County Counsel, County of Monterey