Filed 5/31/22 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAN LUIS OBISPO LOCAL AGENCY FORMATION COMMISSION et al., | 2d Civ. No. B304144 (Super. Ct. No. CV130383) (San Luis Obispo County) |
| Cross-complainants and Appellants. | ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |
| v. | |
| CENTRAL COAST DEVELOPMENT COMPANY, | |
| Cross-defendant and Respondent. | |

THE COURT:

It is ordered that the opinion filed herein on May 5, 2022, be modified as follows:

1.  In lines 4-5 in the last full paragraph on page 6, the sentence "It is obvious that the same rule applies" is changed to "It is obvious that the same rule applies to this and any other paragraph in the agreement."

There is no change in judgment.

Respondent's petition for rehearing is denied.

Filed 5/5/22; Opinion following rehearing (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

<table>
<tr><td>

SAN LUIS OBISPO LOCAL
AGENCY FORMATION
COMMISSION et al.,

   Cross-complainants and
Appellants.

v.

CENTRAL COAST
DEVELOPMENT COMPANY,

   Cross-defendant and
Respondent.

</td><td>

2d Civ. No. B304144
(Super. Ct. No. CV130383)
(San Luis Obispo County)

OPINION FOLLOWING
REHEARING

</td></tr>
</table>

A contract by a public agency that exceeds the agency's statutory powers is void and will not support an award of attorney fees pursuant to Civil Code[1] section 1717, subdivision (a). We reverse an award of fees against the public agency.

---

[1] All statutory references are to the Civil Code unless otherwise stated.

FACTS

I

*LAFCO I*

Central Coast Development Company (Central Coast) owns a 154-acre parcel of property within the sphere of influence of the City of Pismo Beach (City).[2] Central Coast wishes to construct 252 single-family residences and 60 senior housing units on the parcel. The City approved Central Coast's application for a development permit. The City and Central Coast applied to the San Luis Obispo Local Agency Formation Commission (LAFCO) to annex the property.

The LAFCO application signed by the City and Central Coast contained the following indemnity agreement: "As part of this application, Applicant agrees to defend, indemnify, hold harmless and release the San Luis Obispo Local Agency Formation Commission (LAFCO), its officers, employees, attorneys, or agents from any claim, action or proceeding brought against any of them, the purpose of which is to attack, set aside, void, or annul, in whole or in part, LAFCO's action on the proposal or on the environmental documents submitted to or prepared by LAFCO in connection with the proposal. *This indemnification obligation shall include, but not be limited to, damages, costs, expenses, attorneys' fees, and expert witness fees that may be asserted by any person or entity, including the Applicant,* arising out of or in connection with the application. In the event of such indemnification, LAFCO expressly reserves the

---

[2] City of Pismo Beach is no longer a party to this action. This court dismissed its appeal pursuant to stipulation of the parties on January 3, 2022.

right to provide its own defense at the reasonable expense of the Applicant." (Italics added.)

LAFCO denied the annexation application. The City and Central Coast sued LAFCO. LAFCO prevailed and presented a bill to the City and Central Coast for more than $400,000 in attorney fees and costs. The City and Central Coast refused to pay. The Special District Risk Management Authority (SDRMA), a public entity self-insurance pool, paid for LAFCO's fees and costs.

The City sued Central Coast to recover fees and costs expended in the Central Coast action against LAFCO. LAFCO and SDRMA cross-complained against the City and Central Coast for fees and costs. The cross-complaint was based on the indemnity provision of the annexation application.

The trial court granted the City and Central Coast's judgment on the pleadings against LAFCO and SDRMA (collectively LAFCO). The court denied LAFCO's request for leave to amend its pleadings. LAFCO appealed.

We affirmed in *San Luis Obispo Local Agency Formation Com. v. City of Pismo Beach* (2021) 61 Cal.App.5th 595 (*LAFCO I*). We determined that the indemnity agreement was not supported by consideration and that LAFCO has no statutory authority to impose an indemnity agreement as a condition of LAFCO's statutory duty to consider Central Coast's application.

*LAFCO II*

While the appeal in *LAFCO I* was pending, the City and Central Coast moved for attorney fees based on section 1717. The trial court granted the motion. The court awarded $172,850 to the City and $428,864 to Central Coast. LAFCO again appeals (*LAFCO II*).

3.

DISCUSSION

I

*Section 1717 Does Not Apply*

LAFCO contends the indemnity agreement is void as an illegal and ultra vires contract.[3] LAFCO asserts section 1717 does not apply to such a contract.

Section 1717, subdivision (a) provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

LAFCO argues our opinion in *LAFCO I* determined that the indemnity agreement was an illegal contract. It cites *Geffen v. Moss* (1975) 53 Cal.App.3d 215, 227, for the principle that where a contract is illegal, it is void, a right to attorney fees created by the contract is unenforceable, and section 1717 does not apply. (See also *Bovard v. American Horse Enterprises, Inc.* (1988) 201 Cal.App.3d 832, 843 [citing *Geffen*].)

Central Coast replies that the contract is not illegal and our opinion in *LAFCO I* does not say that it is. Central Coast relies on a line of cases that state a contract is illegal where the object of the contract is unlawful. (Citing, e.g., *McIntosh v. Mills*

[3] Central Coast contends LAFCO has waived the argument by not raising it in the trial court. But the question is one of law that we can consider for the first time on appeal. (*Sanchez v. Truck Ins. Exchange* (1994) 21 Cal.App.4th 1778, 1787 [a party may raise for the first time on appeal a pure question of law which is presented by undisputed facts].)

(2004) 121 Cal.App.4th 333, 346.)  Central Coast argues the object of the contract involved here, an indemnity agreement, is not unlawful.

In *LAFCO I*, we concluded that LAFCO was not authorized by statute to make the indemnity agreement.  (*LAFCO I*, *supra*, 61 Cal.App.5th at pp. 600-602.)  Where a public agency is not authorized to make an agreement, the agreement is void and the public agency may neither enforce nor be liable on the contract.  (*Air Quality Products, Inc. v. The State of California* (1979) 96 Cal.App.3d 340, 349; see 1 Witkin, Summary of Cal. Law (11th ed. 2017) Contracts, § 1011, p. 1053.)  It follows that the public agency is not liable for attorney fees based on section 1717.  Section 1717 is based on contract.  The result should be no different than with contracts that are void for illegality.  (See *Geffen v. Moss*, *supra*, 53 Cal.App.3d at p. 227.)

Central Coast's reliance on *California-American Water Co. v. Marina Coast Water Dist.* (2017) 18 Cal.App.5th 571 (*California-American*) is misplaced.  Public water agencies entered into a contract with a water utility to collaborate on a project.  The contract contained an attorney fee clause.  It was later discovered that a board member of one of the public agencies had a conflict of interest.  The water utility sued to have the contract declared void under Government Code section 1090.  The water utility prevailed and the trial court awarded it attorney fees.  The Court of Appeal upheld the award of attorney fees, concluding the contract was not illegal and the award of fees did not violate public policy.  The court reasoned that the contract was void due to a conflict of interest and "not whether the contracts involved an illegal enterprise to which the parties could not contractually bind themselves." (*Id.* at p. 580.)

5.

But the contract here is more like an illegal contract.  The subject matter was beyond the power of LAFCO to legally bind itself or an applicant.  Unlike *California-American*, it is not simply a question of the legality of the procedure by which the contract was made.  Because it is beyond LAFCO's powers to bind itself or an applicant to the attorney fee agreement at issue here, section 1717 cannot apply.

II

*Another Paragraph*

Central Coast points to a different paragraph contained in the same indemnity agreement we considered in *LAFCO I*.  The paragraph is:

"I, … Central Coast Dev. Co., the landowner and/or responsible Applicant, agree to pay the actual costs pursuant to the Fee Schedule attached hereto, plus copying charges and related expenses incurred in the processing of this application.  I also understand that if payment on any billings prior to final action is not paid within (30) days, I agree that processing of my application will be suspended until payment is received.  In the event of default, I agree to pay all costs and expenses incurred by LAFCO in securing the performance of this obligation, including the cost of any suit and reasonable attorney fees."

Central Coast argues *LAFCO I* is not determinative because this paragraph was not an issue in that appeal.  But it is simply a different paragraph in the same indemnity agreement we held invalid in *LAFCO I*.  It is obvious that the same rule applies.  LAFCO had no more authority to require the attorney fee clause in the instant paragraph as a condition of considering Central Coast's application than it did in the paragraph we expressly considered in *LAFCO I*.

6.

Moreover, the instant paragraph concerns fees and charges incurred in the processing of the application. Those fees and charges are authorized by Government Code section 56383. Government Code section 56383 does not include a provision for attorney fees incurred in the collection of such processing fees and charges. In *LAFCO I*, we expressly rejected the argument that the authority to provide for attorney fees could be implied from statutes. (*LAFCO I, supra,* 61 Cal.App.5th at p. 602 [quoting Code of Civil Procedure section 1021, "Except as attorney's fees are specifically provided for by statute," the compensation of attorneys is left to the agreement of the parties].)

LAFCO had no authority to contract for attorney fees. The lack of such authority renders the contract unenforceable against LAFCO. Section 1717 does not apply. (*Air Quality Products, Inc. v. The State of California*, *supra*, 96 Cal.App.3d at p. 349.)

III

*In Pari Delicto Does Not Apply*

Central Coast contends that the doctrine of in pari delicto applies to allow enforcement of the contract.

Central Coast cites *McIntosh* for the principle that the doctrine of in pari delicto allows an illegal contract to be enforced " 'so long as the party seeking its enforcement is less morally blameworthy than the party against whom the contract is being asserted, and there is no overriding public interest to be served by voiding the agreement.' " (*McIntosh v. Mills*, *supra*, 121 Cal.App.4th at p. 347.)

But the doctrine does not apply to unauthorized contracts made by public agencies because there is an overriding public interest to be served by voiding the agreement. The overriding

7.

public interest is to protect the public fisc. Thus, a party who contracts with public agencies that lack the authority to enter into the contract cannot even collect in quantum meruit for services rendered because of the need to limit a public entity's contractual obligations. (*Katsura v. City of San Buenaventura* (2007) 155 Cal.App.4th 104, 109-110.)

The question of attorney fees arose because Central Coast brought a meritless action against LAFCO. For the same reason that LAFCO could not recover fees because the interpretation of the indemnity agreement lacked merit, so too Central Coast may not recover fees.

DISPOSITION

The judgment (order) is reversed. Costs on appeal are awarded to appellants.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

8.

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

———————————————

McCormick, Barstow, Sheppard, Wayte & Carruth, James P. Wagoner, Timothy J. Buchanan, Brandon M. Fish, Lejf E. Knutson; Best, Best, Krieger and Gregg W. Kettles for Cross-complainants and Appellants San Luis Obispo Local Agency Formation Commission and Special District Risk Management Authority.

Richards, Watson & Gershon, T. Peter Pierce, Kyle H. Brochard; David M. Fleishman, City Attorney, for Cross-defendant and Respondent City of Pismo Beach.

Jackson Tidus, Michael L. Tidus, Gregory P. Regier; Horvitz & Levy, David M. Axelrad and Jeremy B. Rosen for Cross-defendant and Respondent Central Coast Development Company.